UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NORMAN SHAW, *et al.*,

Plaintiffs,

v.

SCOTT DAVIS, *et al.*,

Defendants.

Case No. 3:18-cv-00551-MMD-CLB

ORDER

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by five state prisoners. Plaintiffs have each submitted their own applications to proceed *in forma pauperis*. (ECF Nos. 1, 6, 7, 8, 9.) Based on the financial information provided, the Court finds that Plaintiffs are unable to prepay the full filing fee in this matter.

The Court entered a screening order on June 18, 2019. (ECF No. 11.) The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 11, 29.) The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 32.)

Plaintiffs filed two motions for reconsideration. (ECF Nos. 18, 21.) The first motion for reconsideration challenged the Court's decision to the deny the motion for preliminary injunction without prejudice. (ECF No. 18.) The Court denies the motion for reconsideration because it finds that it did not commit clear error in its initial decision. *See Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

The second motion for reconsideration objected to the Court extending the stay for mediation purposes. (ECF No. 21.) The Court also denies the second motion.

It is therefore ordered that Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 1, 6, 7, 8, 9) are granted. Plaintiffs will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movants herein are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiffs' accounts (**Norman Shaw, #77657; Joseph Cowart, #90506; Brian Kamedula, #24627; Charles Wirth, #1085646; and Ansell Jordan, #76575**), in the months that their account balances exceed $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is further directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

The Clerk of Court is further directed to electronically serve a copy of this order and a copy of Plaintiffs' complaint (ECF No. 12) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 11), within 21 days of the date of entry of this order, the Attorney General's Office must

file a notice advising the Court and Plaintiffs of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but may not serve the inmate Plaintiffs the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiffs must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiffs must provide the full name and address for the defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint (ECF No. 12) within 60 days from the date of this order.

It is further ordered that Plaintiffs must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiffs must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiffs must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the

Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

It is further ordered that this case is no longer stayed.

It is further ordered that the motions for reconsideration (ECF Nos. 18, 21) are denied.

DATED THIS 3rd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE