UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NORMAN SHAW, *et al.*,<br><br>   Plaintiffs,<br>   v.<br>SCOTT DAVIS, *et al.*,<br><br>   Defendants. | Case No. 3:18-cv-00551-MMD-CLB<br><br>ORDER |

    This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by five state prisoners. Plaintiffs generally allege constitutional violations arising from changes to religious programming and scheduling at Lovelock Correctional Center. (ECF No. 11 at 3-6.) Before the Court is Plaintiff Brian Kamedula's objection ("Objection") to Magistrate Judge Carla L. Baldwin's minute order (ECF No. 48) denying, in pertinent part, Plaintiffs Norman Shaw and Brian Kamedula's motion for entry of default judgment against Defendants ("Default Motion") (ECF No. 42).[1] (ECF No. 50 (stating that he is objecting only to the denial of ECF No. 42, the Default Motion).) While the Court agrees with Plaintiff Kamedula that it has jurisdiction to consider the Default Motion, the Court finds that Judge Baldwin reached the correct result in denying the Default Motion. The Court will therefore overrule Plaintiff Kamedula's Objection.

    Judge Baldwin's minute order denied two motions, including the Default Motion, for the same reason—that the Court lacked jurisdiction over them because Plaintiffs are currently appealing (ECF No. 35) the Court's prior orders denying Plaintiffs' motion for a preliminary injunction (ECF No. 11), and declining to reconsider that decision (ECF No. 33). (ECF No. 48 (denying ECF Nos. 34 and 42).) Judge Baldwin ruled she lacked

---

[1] Defendants did not file a response to the Objection, though the deadline for doing so has passed. Plaintiffs Norman Shaw (ECF No. 51) and Charles Wirth (ECF No. 52) moved to join the Objection. The Court grants their motions to join the Objection.

jurisdiction over both motions because of the general rule that the filing of an appeal divests the Court of jurisdiction over the matters appealed. (*Id.*)

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3-1(a).

Plaintiff Kamedula persuasively argues in his Objection that Judge Baldwin erred in her minute order because the Default Motion is outside the scope of the appeal in this case, which focuses on the Court's denial of the motion for preliminary injunction. (ECF No. 50 at 1-3.) Therefore, he argues, the Court retains jurisdiction over the Default Motion. (*Id.*) The Court agrees. The Default Motion is outside the scope of Plaintiffs' appeal regarding the motion for preliminary injunction.

However, the Court finds that Judge Baldwin reached the right result in denying the Default Motion. The Court will therefore affirm Judge Baldwin's decision to deny the Default Motion, but for a different reason than the reason she provided in her minute order (ECF No. 48). More specifically, the Court agrees with Defendants—as stated in their response to the Default Motion—that it would be premature to enter a default judgment against them because Plaintiffs filed an amended complaint the Court has not yet screened. (ECF Nos. 43 (making this argument), 41 (indicating Defendants' non-opposition to Plaintiffs filing an amended complaint, but asserting the Court must screen the amended complaint before Defendants are required to answer).) Defendants had not yet answered Plaintiffs' original complaint, and their time for doing so had not yet lapsed at the time Plaintiffs filed their amended complaint. (ECF Nos. 33 (giving Defendants 60 days to file an answer to the original complaint on January 3, 2020), 39 (filed January 21, 2020).) The Court will therefore not require Defendants to answer Plaintiffs' amended complaint in this case until after the Court has screened it. *See Olausen v. Murguia*, Case No. 3:13-cv-00388-MMD, 2014 WL 6065622, at *1 (D. Nev. Nov. 12, 2014) ("There is no question that the PLRA [Prison Litigation Reform Act] requires courts to engage in pre-answer screening of an inmate's complaint."). Because Plaintiffs chose to file an amended

complaint before Defendants answered their initial complaint, or Defendants' time for doing so had lapsed, they will now have to be patient and wait for the Court to screen the amended complaint. Accordingly, Plaintiffs Shaw and Kamedula had no proper basis upon which to seek default judgment. The Court will therefore affirm Judge Baldwin's denial of the Default Motion. (ECF No. 42.)

It is therefore ordered that Plaintiff Brian Kamedula's objection (ECF No. 50) is overruled.

It is further ordered that the amended complaint (ECF No. 39) will be screened in the normal course, which may take at least several months.

It is further ordered that Defendants are not required to answer the amended complaint until after the Court has screened it.

DATED THIS 12th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE