**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN SHAW; ANSELL MATRIA JORDAN,<br><br>           Plaintiffs-Appellants,<br><br>and<br><br> JOSEPH COWART; et al.,<br><br>           Plaintiffs,<br><br>  v.<br><br>SCOTT DAVIS; et al.,<br><br>           Defendants-Appellees. | No.   20-15056<br><br>D.C. No. 3:18-cv-00551-MMD-CLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Nevada state prisoners Norman Shaw and Ansell Matria Jordan appeal pro

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

se from the district court's orders denying their motion for a preliminary injunction and motion for reconsideration of the denial of a preliminary injunction in their action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (denial of preliminary injunction); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (denial of reconsideration). We vacate and remand.

As a preliminary matter, although appellants timely appealed from the district court's order denying reconsideration, appellants did not timely move for reconsideration for purposes of tolling the deadline for filing a notice of appeal as to the district court's order denying a preliminary injunction. Nevertheless, appellees have forfeited any timeliness challenge by failing to raise it below or on appeal. *See* Fed. R. App. P. 4(a)(4)(A) (deadline for filing an appeal may be tolled by the filing of a timely motion for reconsideration); *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17-18 (2017) (a time limit not prescribed by Congress is a mandatory claim-processing rule subject to waiver and forfeiture); *Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (Fed. R. App. P. 4(a)(4) is a mandatory claim-processing rule under *Hamer*).

The district court denied appellants' motion for a preliminary injunction only on the basis that appellants failed to establish irreparable harm. However, in

screening the verified complaint, the district court determined that appellants alleged facts sufficient to state cognizable First Amendment and Religious Land Use and Institutionalized Persons Act claims. *See Warsoldier v. Woodford*, 418 F.3d 989, 1002 (9th Cir. 2005) (existence of a colorable First Amendment claim establishes irreparable injury in the context of a request for a preliminary injunction); *Sch. Dist. No. 1J*, 5 F.3d at 1263 (grounds for relief under Fed. R. Civ. P. 59(e)).

We therefore vacate the denial of appellants' motion for a preliminary injunction and remand for further proceedings. On remand, the district court should consider in the first instance the remaining preliminary injunction factors and, in doing so, may consider supplemental filings, if appropriate.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**