**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NORMAN SHAW, et al.,

Plaintiffs,

v.

SCOTT DAVIS, et al.,

Defendants.

3:18-cv-00551-MMD-CLB

**SCREENING ORDER ON FIRST AMENDED COMPLAINT**

Plaintiffs Norman Shaw, Joseph Cowart, Brian Kamedula, Charles Wirth, and Ansell Jordan (collectively referred to as "Plaintiffs"), who are prisoners in the custody of the Nevada Department of Corrections ("NDOC"), have submitted a first amended complaint ("FAC") under 42 U.S.C. § 1983. (ECF No. 39.) The court now screens Plaintiffs' FAC under 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. PROCEDURAL HISTORY

On November 20, 2018, Plaintiffs submitted their original complaint (ECF No. 1-2, filed at ECF No. 12) along with individual applications to proceed *in forma pauperis* (ECF Nos. 1, 6-9.) On June 18, 2019, the District Court screened the complaint and allowed Plaintiffs to proceed as follows: (1) in Count I, alleging Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") violations against Defendants Davis, Carpenter, Wickham, Snyder, K. Thomas, Baker, Ferro, LeGrand, Potter, Doe #1 and Doe Prison Administrator; (2) in Count II, alleging Fourteenth Amendment equal protection violations against Davis, Carpenter, Wickham, Snyder, Doe #1 and Doe Prison Administrator; (3) in Count III, alleging RLUIPA and Fourteenth Amendment equal protection violations against Defendants LeGrand, Ferro, Potter, Baker, Carpenter, Thomas, and Doe #2; (4) the portion of Count IV alleging First Amendment Establishment Clause violations against Defendants Wickham, Snyder, Baker, Carpenter, Davis, Doe #1 and Doe Prison Administrator; (5) the portion of Count IV alleging First Amendment Free Exercise Clause violations against Defendants Wickham, Snyder, Baker, Carpenter, Davis, Doe #1 and Doe Prison Administrator; and (6) the portion of Count IV alleging 42 U.S.C. § 1985(3) conspiracy

against Defendants Wickham, Snyder, Baker, Carpenter, Davis, Doe #1 and Doe Prison Administrator. (ECF No. 11.)

The case was stayed for 90-days to provide the parties an opportunity to settle the case. (*Id.*) An Early Mediation Conference was held on November 26, 2019, however the parties were unable to reach a settlement at that time. (ECF No. 30.) On January 2, 2020, the Office of the Attorney General filed a status report indicating that settlement had not been reached and informing the Court of its intent to proceed with this action. (ECF No. 32.) Thus, on January 3, 2020, the District Court granted the individual *in forma pauperis* applications and directed the Clerk of Court to electronically serve the complaint on the Office of the Attorney General. (ECF No. 33.)

On January 21, 2020, Plaintiffs filed the FAC (ECF No. 39), which is now the operative complaint in this case. On January 23, 2020, Defendants filed their notice of acceptance of service of the original complaint. (ECF No. 40.) Defendants also filed a limited non-opposition to Plaintiffs' filing of an amended complaint. (ECF No. 41.) Although the Plaintiffs did not file a motion for leave to file an amended complaint, it appears the District Court granted the filing of an amended complaint in its May 12, 2020 order. (*See* ECF No. 55 (noting "[t]here is no question that the PLRA [Prison Litigation Reform Act] requires courts to engage in pre-answer screening of an inmate's complaint." *Olausen v. Murguia*, Case No. 3:13-cv-00388-MMD, 2014 WL 6065622, at *1 (D. Nev. Nov. 12, 2014)).) Accordingly, the court will now conduct a screening of Plaintiffs' FAC.

## III. SCREENING OF THE FAC

In the FAC, Plaintiffs sue multiple defendants for events that took place while Plaintiffs were incarcerated at the Lovelock Correctional Center ("LCC"). (ECF No. 39 at 1.) Plaintiffs sue Defendants Chaplain Scott Davis, Associate Warden Tara Carpenter, RRT Committee Harold Wickham, RRT Committee Richard Snyder, Prison Administration, Caseworker K. LeGrand, Caseworker J. Ferro, Caseworker C. Potter, Warden Renee Baker, Deputy Director Kim Thomas, John Doe #1, and John Doe #2. (*Id.* at 1-3.) Plaintiffs allege five

counts and seek declaratory, injunctive, and monetary relief. (*Id.* at 22-23.)

**A. Counts I through IV**

The allegations contained in Counts I through IV of the original complaint and the FAC are identical. (*Compare* ECF No. 12 at 5-22, *with* ECF No. 39 at 3-20.) Accordingly, Plaintiffs will be allowed to proceed on Counts I through IV as outlined in the original screening order and as follows:

- Count I, alleging RLUIPA violations, will proceed against Defendants Davis, Carpenter, Wickham, Snyder, K. Thomas, Baker, Ferro, LeGrand, and Potter and against Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);
- Count II, alleging equal protection violations, will proceed against Defendants Davis, Carpenter, Wickham, and Snyder and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);
- Count III, alleging RLUIPA and equal protection violations, will proceed against Defendants LeGrand, Ferro, Potter, Baker, Carpenter, Thomas, and Doe #2 (when Plaintiffs learn his identity);
- the portion of Count IV, alleging First Amendment Establishment Clause violations, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);
- the portion of Count IV, alleging First Amendment Free Exercise Clause violations, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities); and
- the portion of Count IV, alleging 42 U.S.C. § 1985(3) conspiracy, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities).

(*See* ECF No. 11.)

**B. Count V**

In Count V, Plaintiffs allege the following: On January 24, 2018, Davis held a meeting with religious faith group facilitators and Plaintiffs Cowart and Jordan. (ECF No. 39 at 20.) After disclosing the changes that were being implemented to the Chapel schedule effective February 1, 2018, Davis informed Plaintiffs that they were only entitled to one-hour per week for Chapel services and if anyone wanted to file a grievance, he could "make that happen." (*Id.*) One inmate complained about the secular Music Appreciation Program being added after cutting over fifty percent of the religious services and Davis threatened to have all musical instruments used for religious worship removed from the Chapel. (*Id.*) Davis concluded his meeting by pointing to himself and saying, "There's a new sheriff in town." (*Id.*)

On May 25, 2018, Davis posted a memo in the Chapel relating to the musical instruments used for religious worship removed from the Chapel. (*Id.*) In this memo, Davis stated, "The institution is under no legal obligation to provide this equipment for your usage. It was all donated by outside volunteers… Let's get our priorities straight and adhere to the rules or, it will all go 'bye-bye'." (*Id.*)

On July 19, 2018, Davis had another religious faith group facilitators' meeting. (*Id.* at 20-21.) During the meeting, Davis threatened to suspend the religious music program, but not the secular Music Appreciation Program. (*Id.* at 21.) Faith group facilitators complained about not having equal Chapel time, Davis threatened to reduce all faith groups to one-hour per week, and do away with divided Chapel time. (*Id.*) The December 2018 Chapel schedule shows that Davis had removed eleven services from Room 2 with Carpenter's approval. (*Id.*)

For the month of April 2019, Davis acted on his threat to suspend the religious music program by taking away all instruments for the religious faith groups. (*Id.*) Davis' memo stated,

> Effective April 1, 2019 the music department will be shut down for the entire month. The only time slot allowed to checkout instruments will be Friday morning's Education Music Appreciation class. This has been preapproved by the AWP [Carpenter]. Those of you who own your own instruments will NOT be allowed to bring them in the Chapel. Any Chapel time slot that is currently on the schedule for music practice will be blank for the month of April. So let it be written, so let it be done.

(*Id.*)

Plaintiff Shaw met with and tried to reason with Davis regarding the suspension of instruments before the month of April began. (*Id.*) Davis said he was suspending the music program during the entire month of April because he felt too much emphasis was being placed on "music" rather than the "Word." (*Id.*) At the meeting, Davis acknowledged he never attended an Episcopal service wherein he could make such a determination. (*Id.*) Shaw invited Davis to attend an Episcopal service so that he could give his input, but Davis declined because Episcopal services fall during his time-off. (*Id.*) Davis has not only made threats that were designed to chill inmates First Amendment Rights to redress of grievances, but he also acted upon them with Carpenter's approval. (*Id.* at 21-22.) Based on these allegations, Plaintiffs assert a First Amendment retaliation claim against Defendants Davis and Carpenter.

**1. First Amendment Retaliation**

It is well established in the Ninth Circuit that prisoners may seek redress for retaliatory conduct by prison officials under § 1983. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Prisoners have a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state

actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68. The adverse action must be such that it "would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (quoting *Rhodes*, 408 F.3d at 568). Further, "the mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

Federal courts were not created to supervise prisons, but to enforce the constitutional rights of all persons, including prisoners. "We are not unmindful that prison officials must be accorded latitude in the administration of prison affairs, and that prisoners necessarily are subject to appropriate rules and regulations." *Cruz v. Beto*, 405 U.S. 319, 321 (1982). But prisoners, like other individuals, have the right to petition the government for redress of grievances, which includes the First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Brodheim*, 584 F.3d at 1269. "Of fundamental import to prisoners are their First Amendment 'rights to file prison grievances . . .'" *Rhodes*, 408 F.3d at 567 (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). "[B]ecause purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

Based on the allegations, Plaintiffs assert that Davis and Carpenter have violated Plaintiffs' First Amendment rights by threatening and/or taking adverse action, in the form of limiting their ability to practice their respective religions, against Plaintiffs who exercised or wished to exercise their First Amendment rights to redress of grievances. For purposes of screening, the court finds that Plaintiffs state a colorable retaliation claim, which will proceed against Defendants Davis and Carpenter.

///

///

## IV. CONCLUSION

For the reasons articulated above, **IT IS ORDERED** that Plaintiffs' FAC (ECF No. 39) is the operative complaint in this case;

**IT IS FURTHER ORDERED** that Count I, alleging RLUIPA violations, will proceed against Defendants Davis, Carpenter, Wickham, Snyder, K. Thomas, Baker, Ferro, LeGrand, and Potter and against Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);

**IT IS FURTHER ORDERED** that Count II, alleging equal protection violations, will proceed against Defendants Davis, Carpenter, Wickham, and Snyder and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);

**IT IS FURTHER ORDERED** that Count III, alleging RLUIPA and equal protection violations, will proceed against Defendants LeGrand, Ferro, Potter, Baker, Carpenter, Thomas, and Doe #2 (when Plaintiffs learn his identity);

**IT IS FURTHER ORDERED** that the portion of Count IV, alleging First Amendment Establishment Clause violations, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);

**IT IS FURTHER ORDERED** that the portion of Count IV, alleging First Amendment Free Exercise Clause violations, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);

**IT IS FURTHER ORDERED** that the portion of Count IV, alleging 42 U.S.C. § 1985(3) conspiracy, will proceed against Defendants Wickham, Snyder, Baker, Carpenter, and Davis and Doe #1 and Doe Prison Administration (when Plaintiffs learn their identities);

**IT IS FURTHER ORDERED** that Count V, alleging retaliation, will proceed against Defendants Davis and Carpenter; and

**IT IS FURTHER ORDERED** that Defendants must file and serve an answer or other

response to the complaint (ECF No. 39) within **thirty (30) days** from the date of this order.

**DATED:** June 12, 2020

**UNITED STATES MAGISTRATE JUDGE**