**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

NORMAN SHAW, *et al.*,

    Plaintiffs,

 v.

SCOTT DAVIS, *et al.*,

    Defendants.

Case No. 3:18-cv-0551-MMD-CLB

**ORDER DIRECTING DEFENDANTS TO SERVE OUTSTANDING VERIFICATIONS**

    This case involves an inmate civil rights action brought by five plaintiffs against various defendants. Due to the number of parties and claims, discovery in this matter has proved to be more complex and difficult. As such, the Court took an active role in the discovery process to assist the parties and streamline the litigation. In total, the Court held four case management conferences ("CMC") over the course of this litigation. (*See* ECF Nos. 101, 135, 145, & 151.) Various discovery issues were addressed at the CMCs. Several issues could not be resolved after several attempts by the parties to meet and confer.

    At the last CMC held on April 28, 2021, the Court was informed that several sets of interrogatory responses provided by Defendants did not contain the proper verification. (ECF No. 151.) Specifically, the parties confirmed that verifications were not provided for Discovery Items 5, 17, 22, 30, 31, 46, 48, and 55.[1] Defendants agreed to provide these verifications by no later than May 5, 2021. It appears that verifications have still not been provided to several of the items listed. (ECF No. 153 at 27.)

---

[1] These numbers refer to the number assigned to each discovery document on a discovery table developed and used by Plaintiff, Defendants, and the Court throughout this case. (ECF No. 153-1 at 1-4.)

On August 16, 2021, Defendants appear to have filed proper verifications to Discovery Items 17, 30, and 31. (ECF No. 173.) However, it appears verifications remain outstanding as to Items 5, 22, 46, 48, and 55. Defendants seem to be under the impression that verifications to interrogatories are of little importance or are ministerial in nature. However, this impression is false.

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Such "requirement is critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." *Huthnance v. D.C.*, 255 F.R.D. 297, 300 (D. D.C. 2008). Without the verification, the answers have no evidentiary value. *Spence v. Kaur*, No. 2:16-cv-1828-TLN-KJN-P, 2020 WL 7406294, at *9 (E.D. Cal. Dec. 17, 2020). Therefore, verifications are not only required by the rules, but serve an important and significant function in the discovery and trial process. The failure to provide proper verifications may result in the discovery responses being stricken.

Therefore, the Court will provide Defendants with one <u>final opportunity</u> to cure the continued failure to properly verify their responses to discovery requests in this case.

**IT IS ORDERED** that Defendants will serve proper verifications to Discovery Sets 5, 22, 46, 48, and 55 within 30 days of the date of this order, by filing these verifications on the Court's CM/ECF filing system.

**IT IS FURTHER ORDERED** that, when providing this filing, Defendants will properly identify each verification by indicating which discovery responses (or set of discovery responses) the verification is being provided for to ensure that the Court and Plaintiffs can easily determine if this order has been complied with.

**IT IS FURTHER ORDERED** that, if Defendants fail to comply with this order, the Court will likely strike the unverified responses and Defendants will be precluded from relying upon those answers in the balance of this litigation, including motion practice and trial pursuant to Federal Rule of Civil Procedure 37.

DATE: August 24, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**