AARON D. FORD
  Attorney General
WILLIAM P. SHOGREN, Bar No. 14619
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1257
E-mail:  wshogren@ag.nv.gov

*Attorneys for Defendants*
*Renee Baker, Tara Carpenter, Scott Davis,*
*Joseph Ferro, Kara LeGrand, Carter Potter,*
*Richard Snyder, Kim Thomas and Harold Wickham*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORMAN SHAW, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT DAVIS, *et. al.,*<br><br>    Defendants. | Case No.  3:18-cv-00551-MMD-CLB<br><br>**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS AND RESPONSIVE PLEADING**<br>**[FIRST REQUEST]** |

    Defendants, Renee Baker, Tara Carpenter, Scott Davis, Joseph Ferro, Kara LeGrand, Carter Potter, Richard Snyder, Kim Thomas and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and William P. Shogren, Deputy Attorney General, hereby move to extend both the dispositive motions deadline and extend the deadline for Defendants' to respond to Plaintiff's Motion for Summary Judgment. This Motion is based on Federal Rules of Civil Procedure ("F.R.C.P.") 6(b), LR 1A 6-1, LR 26-3, and the following Memorandum of Points and Authorities.

    This is the first request for an extension of time to file either dispositive motions or responsive pleadings.

/ / /

## I. INTRODUCTION

Plaintiffs Joseph Cowart, Ansell Jordan, Brian Kamedula, Norman Shaw and Charles Wirth (collectively referred to as "Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983, for events alleged to have occurred while Plaintiffs were incarcerated at Lovelock Correctional Center ("LCC"). ECF Nos. 12, 39. The Court screened Plaintiffs' complaint on June 18, 2019. ECF No. 11. Plaintiffs then filed a First Amended Complaint (ECF No. 39), which the Court screened and is now the operative complaint in this case. ECF No. 68.

On February 17, 2022, Plaintiffs filed a Motion for Summary Judgment (MSJ). ECF No. 213. The day before, a telephonic discovery hearing was held, wherein the Court ordered that Defendants would have thirty (30) days from February 16, 2022, to respond to Plaintiffs' MSJ. ECF No. 212 at 2. Also, during this hearing, the Court confirmed with the parties that there were no further discovery issues in this case. *Id.*

Although not noted in the Minutes of Proceedings (ECF No. 212), the Court previously stated that it would set the dispositive motion deadline at the February 16th hearing. *See* ECF No. 208 (Minutes of Proceedings for December 13, 2021 hearing) at 2. As F.R.C.P. 56(b) requires motions for summary to judgment to be filed within thirty (30) days of close of all discovery, Defendants presume the dispositive motion deadline in this case to be March 18, 2022. This also is the deadline for Defendants to respond to Plaintiffs' MSJ. ECF No. 212 at 2.

## II. LEGAL STANDARD

Motions to enlarge time are governed by F.R.C.P. 6(b) and Nevada Local Court Rule 26-3.

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.[1]

And

LR 26-3. EXTENSION OF SCHEDULED DEADLINES
A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[2]

"Rule 6(b) gives the court *extensive flexibility* to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added). Further, this rule, like all the Federal Rules of Civil Procedure is to be liberally construed to effectuate the general purpose of seeing that cases (and other disputed issues) are decided on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Regarding "good cause," it is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Id.* (citing *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987)).

---

[1] F.R.C.P. 6(b)
[2] Nevada Local Court Rules 26-4

Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

## III.   LEGAL ARGUMENT

### A.   Good Cause Supports this Extension

Defendants require a short, thirty (30) day extension to file both the response to Plaintiffs' MSJ and file Defendants' own MSJ. First, undersigned counsel is second-chairing a jury trial in United States District Court, Case No. 3:17-cv-00085-MMD-VPC, which is scheduled to run from February 28, 2022, to March 4, 2022. Preparation for this trial has been time-consuming. Second, undersigned counsel has annual leave scheduled from March 14, 2022, to March 18, 2022, which was planned for and schedule[3]d well before the February 16, 2022 hearing on this matter. These events are in addition to other routine deadlines throughout undersigned counsel's caseload.

Furthermore, this is a complex case with multiple plaintiffs, defendants, and issues, as demonstrated by Plaintiffs' 35-page MSJ (ECF No. 213). Defendants require additional time to fully prepare and brief the issues.

Undersigned counsel submits that his recent and upcoming schedule and workload constitutes good cause for granting an extension of time to file both a response to Plaintiff's MSJ and file Defendants' MSJ. Neither party will be prejudiced by this extension of the dispositive motion deadline. Defendants make this request in good faith and not to cause undue delay or for any other improper purpose.

### B.   Information Required by LR 26-3

Defendants provide the following information in compliance with LR 26-3:

---

[3] The Ninth Circuit has given a non-exhaustive list of valid good-cause reasons in the context of F.R.C.P. 6(b). *See Ahanchia v. Xenon Pictures, Inc.*, 624 F.3d 1253. The Ninth Circuit noted reasons such as holidays, weekends, prior commitments, previously planned trips, other occupational duties, personal and familial obligations, and the health of legal professionals. *Id.* at 1258-60.

4

The following discovery has been completed to date: Discovery has been completed on February 16, 2022, and no discovery issues remain.

Finally, Defendants present the following proposed schedule:

The deadline for dispositive motions be set to April 18, 2022[4], and the Joint Pretrial Order be due thirty days after a ruling on the dispositive motion or set by further order of the Court.

## IV.   CONCLUSION

Defendants respectfully request that this Court extend both the deadline for dispositive motions and the deadline for Defendants' response to Plaintiff's Motion for Summary Judgment thirty (30) days from March 18, 2022 to April 18, 2022.

DATED this 25th day of February 2022.

>           AARON D. FORD
>           Attorney General
>
>           By: *[signature]*
>           WILLIAM P. SHOGREN, Bar No. 14619
>           Deputy Attorney General
>
>           *Attorneys for Defendants*

IT IS SO ORDERED.

Dated: February 25, 2022

*[signature]*
UNITED STATES MAGISTRATE JUDGE

---

[4] 30 days from March 18, 2022, is actually April 17, 2022, which falls on a Sunday, so Defendants request the deadline be pushed to the next day business, which is Monday, April 18, 2022.

5

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 25th day of February, 2022, I caused to be served a copy of the foregoing, **DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE [FIRST REQUEST],** by mail or U.S. District Court CM/ECF Electronic Filing to:

Norman Shaw, #77657
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

Brian Kamedula
Care of Easy Inn Motel
1661 East 6th Street, Room 181
Reno, NV 89512

Joseph Cowart #90506
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

Ansell Jordan #76575
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

Charles Wirth
2401 Harvard Way, Apt 174
Reno, NV 89502
cwirth1173@gmail.com

_____
An employee of the
Office of the Attorney General