UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NORMAN C. SHAW, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SCOTT DAVIS, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:18-CV-00551-MMD-CLB<br><br>**ORDER RE: MOTION FOR "ROUGH DRAFT TRANSCRIPT" AND MOTION FOR CLERICAL MISTAKE**<br><br>[ECF No. 367, 368] |

Before the Court are two motions filed by Plaintiff Joseph Cowart's ("Cowart"). First, is a motion requesting "the 'Rough Draft Transcript' of Telephonic Status Conferences". (ECF No. 367.) Next, is a motion "for Clerical Mistake." Each motion is discussed in turn.

I.     **DISCUSSION**

　　A.     **Motion for Transcript**

First, as to Cowart's motion for transcript, while it is not entirely clear, it appears Cowart requests the transcript for purposes of appeal. (*See* ECF No. 365.)

Federal law provides that "[f]ees for transcripts furnished in other proceedings [than habeas actions] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge ... certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). "A request for a transcript at government's expense should not be granted unless 'the appeal [or suit] presents a substantial issue.'" *Tapa Fierro v. Wilmot*, 2021 WL 3411086, at *1 (D. Ariz. July 19, 2021) (quoting *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984) (alteration in original)). A "substantial" issue is one defined as "reasonably debatable." *Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967).

Cowart has failed to demonstrate that his proposed appeal—which relates to the denial of a motion for reconsideration of the Court's order denying a motion for recusal—

is nonfrivolous or presents a substantial question. Cowart has failed to show that the issue of recusal involves a controlling question of law, on which "there [are] substantial grounds for difference of opinion," requiring an immediate appeal. *See ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). The legal standard for recusal is not in question here and the denial of a recusal motion is reviewed for abuse of discretion. *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (discussing recusal under 28 U.S.C. §§ 144 and 455). Thus, it does not appear that Cowart's reason for obtaining the transcripts is substantial and nonfrivolous. Accordingly, the Court will deny Cowart's motion for transcript at the government's expense. However, the Court will direct the Clerk to provide Cowart with a copy order form and Cowart may order copies of documents at his own expense.

### B.    Motion for Clerical Mistake

Next, Cowart filed a motion "for clerical mistake", which states that a joinder to a motion for summary judgment was accidentally filed and Cowart would like the Court to "disregard" the filing. (ECF No. 368.) For good cause appearing, Cowart's motion is granted and the Court hereby strikes the erroneously filed joinder to the motion for summary judgment at ECF No. 366.

## II.    CONCLUSION

Accordingly, **IT IS ORDERED** that Cowart's motion for transcript, (ECF No. 367), is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall provide Cowart with a copy order form.

**IT IS FURTHER ORDERED** that Cowart's motion for clerical mistake, (ECF No. 368), is **GRANTED**, and the joinder to the motion for summary judgment, (ECF No. 366), shall be **STRICKEN** from the record.

**DATED**: August 19, 2024.

_____
UNITED STATES MAGISTRATE JUDGE